UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES TRAYZON GILBERT,<br><br>    Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CORRECTIONS AND REHABILITATION,<br><br>    Respondent. | Case No.: 21-CV-859-JLS-DEB<br><br>**ORDER: (1) GRANTING APPLICATION TO PROCEED** *IN FORMA PAUPERIS* **AND (2) DISMISSING PETITION WITHOUT PREJUDICE AND WITH LEAVE TO AMEND**<br><br>(ECF Nos. 1, 2) |

Petitioner Charles Trayzon Gilbert, a state prisoner proceeding pro se, has submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254, challenging the denial of parole. *See* ECF No. 1. He has also filed a request to proceed *in forma pauperis*. *See* ECF No. 2.

**REQUEST TO PROCEED *IN FORMA PAUPERIS***

According to Petitioner's trust account statement, Petitioner has $0.19 on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court **GRANTS** Petitioner's application to proceed *in forma pauperis* and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The

Clerk of the Court **SHALL FILE** the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## FAILURE TO NAME A PROPER RESPONDENT

Review of the Petition reveals that Petitioner has failed to name a proper respondent. On federal habeas, a state prisoner must name the state officer having custody of him as the respondent. *Ortiz-Sandoval v. Gomez*, 81 F.3d 891, 894 (9th Cir. 1996) (citing Rule 2(a), 28 U.S.C. foll. § 2254). Federal courts lack personal jurisdiction when a habeas petition fails to name a proper respondent. *See id*.

The warden is the typical respondent. However, "the rules following section 2254 do not specify the warden." *Id*. "[T]he 'state officer having custody' may be 'either the warden of the institution in which the petitioner is incarcerated . . . or the chief officer in charge of state penal institutions.'" *Id*. (quoting Rule 2(a), 28 U.S.C. foll. § 2254 advisory committee's note). If "a petitioner is in custody due to the state action he is challenging, '[t]he named respondent shall be the state officer who has official custody of the petitioner (for example, the warden of the prison).'" *Id.* (quoting Rule 2, 28 U.S.C. foll. § 2254 advisory committee's note).

A longstanding rule in the Ninth Circuit holds "that a petitioner may not seek [a writ of] habeas corpus against the State under . . . [whose] authority . . . the petitioner is in custody. The actual person who is [the] custodian [of the petitioner] must be the respondent." *Ashley v. Washington*, 394 F.2d 125, 126 (9th Cir. 1968). This requirement exists because a writ of habeas corpus acts upon the custodian of the state prisoner, the person who will produce "the body" if directed to do so by the Court. "Both the warden of a California prison and the [Secretary] of Corrections for California have the power to produce the prisoner." *Ortiz-Sandoval*, 81 F.3d at 895.

Here, Petitioner has incorrectly named "California Department of Corrections and Rehabilitation" as Respondent. In order for this Court to entertain the Petition filed in this action, Petitioner must name the warden in charge of the state correctional facility in which Petitioner is presently confined or the Secretary of the California Department of

Corrections and Rehabilitation. *Brittingham v. United States*, 982 F.2d 378, 379 (9th Cir. 1992) (per curiam). Accordingly, the Court **DISMISSES** the Petition **WITHOUT PREJUDICE**.

## CONCLUSION

Based on the foregoing, the Court **GRANTS** Petitioner's request to proceed *in forma pauperis* (ECF No. 2) and **DISMISSES** the Petition (ECF No. 1) **WITHOUT PREJUDICE** because Petitioner has failed to name a proper respondent. To have this case reopened, Petitioner must, **no later July 6, 2021**, file a First Amended Petition that names a proper respondent. *A blank First Amended Petition is included with this Order for Petitioner's convenience*.

**IT IS SO ORDERED.**

Dated: May 5, 2021

Hon. Janis L. Sammartino
United States District Judge