**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CHARLES TRAYZON GILBERT,<br><br>　　　　　　　　　　Petitioner,<br><br>v.<br><br>CALIFORNIA DEPARTMENT OF CDCR, et al.,<br><br>　　　　　　　　　　Respondent. | Case No.: 21-cv-0859-JLS (DEB)<br><br>**ORDER REOPENING CASE AND SETTING BRIEFING SCHEDULE** |

On May 3, 2021, Petitioner, proceeding pro se, submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. In its May 5, 2021 Order, the Court dismissed this case without prejudice because Petitioner failed to name a proper respondent. *See* Dkt. No. 3. The Court instructed Petitioner that to have this case reopened, he had to file a First Amended Petition no later than July 6, 2021. (*Id.* at 3.)

On May 19, 2021, Petitioner filed a First Amended Petition pursuant to the Court's Order. Dkt. No. 4. Based on this Court's review of the First Amended Petition, the Court **ORDERS** this case be reopened. Further, in accordance with Rule 4 of the rules governing petitions for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, and upon a preliminary review of the First Amended Petition, **IT IS ORDERED** that:

/ / /

1. The Clerk of this Court must promptly (a) serve a copy of the Petition and a copy of this Order on the Attorney General for the State of California, or his authorized agent; and (b) serve a copy of this Order on Petitioner.

2. If Respondents contend the Court can decide the Petition without the Court reaching the merits of Petitioner's claims (e.g., because Respondents contend Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, or that the Petition is barred by the statute of limitations, or that the Petition is subject to dismissal under Rule 9 of the Rules Governing § 2254 Cases, or that all of the claims are procedurally defaulted, or that Petitioner is not in custody), Respondents must file a motion to dismiss pursuant to Rule 4 of the Rules Governing § 2254 Cases on or before **July 26, 2021**.  The motion to dismiss must not address the merits of Petitioner's claims, but rather must address <u>all</u> grounds upon which Respondents contend dismissal without reaching the merits of Petitioner's claims is warranted.[1]  At the time the motion to dismiss is filed, Respondents must lodge with the Court all records bearing on Respondents' contention in this regard.  A hearing date is <u>not</u> required for the motion to dismiss.

3. If Respondents file a motion to dismiss, Petitioner must file his opposition, if any, to the motion on or before **August 30, 2021**.  At the time the opposition is filed, Petitioner must lodge with the Court any records not lodged by Respondents, which Petitioner believes may be relevant to the Court's determination of the motion.

4. Unless the Court orders otherwise, Respondents must not file a reply to Petitioner's opposition to a motion to dismiss.  If the motion is denied, the Court will afford Respondents adequate time to respond to Petitioner's claims on the merits.

5. If Respondents do not contend that the Petition can be decided without the Court reaching the merits of Petitioner's claims, Respondents must file and serve an answer

---

[1] If Respondents contend Petitioner has failed to exhaust any state remedies as to any ground for relief alleged in the Petition, the motion to dismiss must also specify the state remedies still available to Petitioner.

to the Petition, <u>and a memorandum of points and authorities in support of such answer</u>, pursuant to Rule 5 of the Rules Governing § 2254 Cases on or before **July 26, 2021**. At the time the answer is filed, Respondents must lodge with the Court all records bearing on the merits of Petitioner's claims. No answer shall exceed twenty-five (25) pages in length absent advance leave of Court. *See* CivLR 7.1.h. The lodgments must be accompanied by a notice of lodgment which must be captioned "**Notice of Lodgment in 28 U.S.C. § 2254 Habeas Corpus Case — To Be Sent to Clerk's Office**." Respondents must not combine separate pleadings, orders or other items into a combined lodgment entry. Each item must be numbered separately and sequentially.

  6. Petitioner may file a traverse to matters raised in the answer on or before **August 30, 2021**. Any traverse by Petitioner must: (a) state whether Petitioner admits or denies each allegation of fact contained in the answer; (b) be limited to facts or arguments responsive to matters raised in the answer; and (c) not raise new grounds for relief that were not asserted in the Petition. Grounds for relief withheld until the traverse will not be considered. No traverse can exceed ten (10) pages in length absent advance leave of Court for good cause shown. *See* CivLR 7.1.h.

  7. A party requesting an extension of time within which to file any of the pleadings required by this Order must do so at least seven (7) days in advance of the due date of the pleading, and the Court will grant such a request only upon a showing of good cause. Any such request must be accompanied by a declaration under penalty of perjury explaining why an extension of time is necessary.

  8. Unless otherwise ordered, the Court will deem the case submitted the day after Petitioner's opposition to a motion to dismiss and/or his traverse is due.

  9. Every document delivered to the Court must include a certificate of service on opposing counsel (or on the opposing party, if such party is not represented by counsel). The Court will return and disregard any document that lacks a certificate of service.

10. Petitioner must immediately notify the Court and counsel for Respondents of any change of Petitioner's address. If Petitioner fails to keep the Court informed of his current address, this action will be subject to dismissal for failure to prosecute.

**IT IS SO ORDERED**.

Dated: May 26, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge