UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES TRAYZON GILBERT,<br><br>Petitioner,<br>v.<br>MARCUS POLLARD, Warden,<br><br>Respondent. | Case No.:  21-cv-0859-JLS-DEB<br><br>**REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS** |

This Report and Recommendation is submitted to United States District Judge Janis L. Sammartino pursuant to 28 U.S.C. § 636(b) and Civil Local Rules 72.1.d.4 and HC.2.a.

## I.   INTRODUCTION

On May 3, 2021, Petitioner Charles Trayzon Gilbert filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Dkt. No. 1. The First Amended Petition ("FAP") challenges the California Department of Corrections Board of Parole Hearings' ("Parole Board") denial of Gilbert's Petition to Advance Parole. Dkt. No. 4.[1] On July 23, 2021, Respondent Marcus Pollard filed a Motion to Dismiss the FAP because: (1) "its resolution would not necessarily reduce the duration of [Gilbert's] prison

---

[1] When referencing page numbers for documents filed with the Court, the Court's citation refers to the page numbers assigned by the Court's CM-ECF system.

sentence"; and (2) Gilbert "fails to explain how his federal rights have been violated." Dkt. No. 6-1 at 3, 4.

Upon consideration of the pleadings and all supporting documents, the Court recommends entering judgment in favor of Respondent.

## II.   FACTUAL AND PROCEDURAL BACKGROUND

In 1997, a jury found Gilbert guilty of aggravated mayhem, robbery, and two counts of attempted murder. *See* Dkt. No. 7 at 23. Gilbert was sentenced to thirty-three years to life in state prison. Dkt. No. 4 at 1.

On November 8, 2017, the Parole Board denied Gilbert parole at his initial suitability hearing. Dkt. No. 7 at 14. The Board determined Gilbert would be eligible for another suitability hearing in seven years. *Id.*

On June 23, 2020, Gilbert filed a Petition to Advance Parole ("PTA") pursuant to California Penal Code § 3041.5(d)(1). *Id.* at 19. In support, he attached various training certificates, psychological evaluations, remorse and support letters, and an education report. *Id.* at 19–160. On August 13, 2020, the Parole Board denied the PTA. *Id.* at 14. The Board determined Gilbert did not meet the criteria for parole advancement "in light of the recency and severity of . . . serious rule violations[,] . . . his continued inability to abide by rules and conditions" while incarcerated, and his continued "behavioral instability." *Id.*

On September 21, 2021, Gilbert filed a Petition for Writ of Habeas Corpus in the Supreme Court of California "challenging the decision of the [Parole Board]." Dkt. No. 4 at 1. On December 23, 2020, the court denied Gilbert's Petition. *Id.*

On May 3, 2021, Gilbert filed a Petition for Writ of Habeas Corpus in this Court naming "California Department of CDCR" as Respondent. Dkt. No. 1 at 1. On May 5, 2021, the Court dismissed this Petition without prejudice for failing to name a proper respondent. *See* Dkt. No. 3. On May 19, 2021, Gilbert filed the FAP naming Marcus Pollard (Warden) as Respondent. Dkt. No. 4 at 1. On July 23, 2021, Respondent filed a Motion to Dismiss. Dkt. No. 6. On August 11, 2021, Gilbert filed an Opposition. Dkt. No. 7.

### III. STANDARD OF REVIEW

Gilbert's FAP is governed by 28 U.S.C. § 2254, as amended by the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"). Under the AEDPA, a federal court may not grant a habeas petition on any matter adjudicated on the merits by a state court unless that decision was: (1) contrary to or involved an unreasonable application of clearly established federal law; or (2) based on an unreasonable determination of the facts given the evidence presented in the state court proceeding. 28 U.S.C. § 2254(d); *Schriro v. Landrigan*, 550 U.S. 465, 473–77 (2007).

A district court may dismiss a petition if it "plainly appears from the face of the petition . . . that the petitioner is not entitled to relief in the district court. . . ." Rule 4 of the Rules Governing Section 2254 Cases; *see also O'Bremski v. Maass*, 915 F.2d 418, 420 (9th Cir. 1990) (affirming district court's order summarily dismissing petition "based on its conclusion that facts alleged in [petitioner's] petition did not entitle him to habeas relief as a matter of law" under Rule 4). The Court reviews Respondent's motion pursuant to its authority under Rule 4.

### IV. DISCUSSION

Gilbert alleges he "is entitled to an advancement of his parole suitability hearing date" because the Parole Board's denial of his PTA violated due process. Dkt. No. 4 at 7. Respondent argues the FAP does not state a cognizable claim for federal relief because (1) "its resolution would not necessarily reduce the duration of [Gilbert's] prison sentence;" and (2) it "is based solely on the application of state law." Dkt. No. 6-1 at 3, 4. The Court addresses each argument in turn.

**A. Granting the FAP Would Not Necessarily Result in Gilbert's Release**

Courts lack federal habeas jurisdiction unless the relief sought would "necessarily lead to [petitioner's] immediate or earlier release from confinement." *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016). That condition is not met here.

In *Nettles*, petitioner challenged a disciplinary decision resulting in the forfeiture of 30 days of credit, which he claimed negatively impacted his parole eligibility. *Id.* at 927.

1   The Ninth Circuit concluded there was no federal jurisdiction: "Because the parole board
2   has the authority to deny parole 'on the basis of any grounds presently available to it,' the
3   presence of a disciplinary infraction does not compel the denial of parole, nor does an
4   absence of an infraction compel the grant of parole." *Id.* at 935 (quoting *Ramirez v. Galaza*,
5   334 F.3d 850, 859 (9th Cir. 2003)); *see also Sandin v. Conner*, 515 U.S. 472, 487 (1995)
6   ("The decision to release a prisoner rests on a myriad of considerations.").

*Nettles* controls here. Although success on Gilbert's claim might result in advancing the date of his next parole suitability hearing, the Parole Board could still deny parole at that hearing. *See Wilkinson v. Dotson*, 544 U.S. 74, 82 (2005) (holding no habeas jurisdiction where "[s]uccess for [petitioner] means at most a new parole hearing at which . . . parole authorities may, in their discretion, decline to shorten his prison term."); *Due v. Bd. of Parole Hearings*, No. 18-cv-1028-JAK-E, 2018 WL 3740520, at *6 (C.D. Cal. May 18, 2018) ("Petitioner's claim that the Board should have applied [a different deferral period for his next parole suitability hearing], if successful, would not result in Petitioner's immediate or speedier release; at most, success on this claim would advance the date of Petitioner's next parole suitability hearing. . . . Accordingly, the Court lacks jurisdiction to consider Petitioner's . . . claim."), *report and recommendation adopted*, 2018 WL 3738958 (Aug. 3, 2018).

Gilbert's FAP alleges the Parole Board's conduct "entitle[s] [Gilbert] to an advancement of his parole suitability hearing date . . . ." Dkt. No. 4 at 7. Advancement, however, would not necessarily result in his immediate or speedier release. The Court, therefore, lacks jurisdiction over Gilbert's FAP.

**B. The FAP Is Based on State Law**

Even if the Court had jurisdiction over the FAP, Gilbert's claim that the Parole Board "failed to consider the merits of petitioner's [PTA]" and "rel[ied] on false information in its review" (Dkt. No. 4 at 7–8) is not cognizable on federal habeas review.

Claims involving the interpretation or application of state law are not cognizable on federal habeas review. *Estelle v. McGuire*, 502 U.S. 62, 67 (1991) ("We have stated many

times that federal habeas corpus relief does not lie for errors of state law.") (internal quotation omitted); *see also Wainwright v. Sykes*, 433 U.S. 72, 81 (1977) ("[I]t is a well-established principle of federalism that a state decision resting on an adequate foundation of state substantive law is immune from review in the federal courts."); *see also Whitfield v. Vaughn*, 272 F. App'x 591, 592 (9th Cir. 2008) (holding petitioner's claim that the parole board "failed to set a parole hearing within the time frame mandated by California law" alleged only a state law violation not cognizable on federal habeas review).

Gilbert's FAP alleges the Parole Board improperly denied his PTA by "fail[ing] to consider [its] merits" and "apply[ing] documented mitigating factors." Dkt. No. 4 at 7. As courts have recognized, this is a question of state law, which federal courts lack jurisdiction to review. *See, e.g., Saffold v. Hill*, No. 12-cv-3064-JAM-DAD-P, 2013 WL 6283893, at *1 (E.D. Cal. Dec. 4, 2013) ("District Courts throughout the Ninth Circuit have consistently rejected claims advanced by state prisoners that the Board violates federal law when it denies a petition to advance parole hearings."); *Charity v. Ochoa*, No. 12-cv-4825-R-AJW, 2012 WL 4471592 at *1 (C.D. Cal. June 15, 2012) ("[P]etitioner's challenge to the Board's decision not to hold his next parole hearing sooner involves only the Board's compliance or non-compliance with state statutes and regulations governing the scheduling of parole suitability hearings, so it does not present a federal question."). The Court, therefore, lacks jurisdiction to review Gilbert's FAP because it is based on state law.

## V.  CONCLUSION & RECOMMENDATION

For the foregoing reasons, **IT IS HEREBY RECOMMENDED** that the Court issue an Order: (1) approving and adopting this Report and Recommendation; and (2) denying Gilbert's FAP.

**IT IS ORDERED** that on or before **January 13, 2022,** any party to this action may file written objections with the Court and serve a copy on all parties. The document should be captioned "Objections to Report and Recommendation."

**IT IS FURTHER ORDERED** that any reply to the objections shall be filed with the Court and served on all parties **within seven (7) days of the filing of the objections**.

5

21-cv-0859-JLS-DEB

The parties are advised that failure to file objections within the specified time may waive the right to raise those objections on appeal of the Court's order. *See Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153, 1156 (9th Cir. 1991).

**IT IS SO ORDERED**.

Dated:  December 29, 2021

_____
Honorable Daniel E. Butcher
United States Magistrate Judge