UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHARLES TRAYZON GILBERT,<br><br>                                    Petitioner,<br><br>v.<br><br><br>MARCUS POLLARD, Warden,<br><br>                                    Respondent. | Case No.:  21-CV-859 JLS (DEB)<br><br>**ORDER (1) ADOPTING REPORT AND RECOMMENDATION ON PETITION FOR WRIT OF HABEAS CORPUS; (2) GRANTING RESPONDENT'S MOTION TO DISMISS; (3) DENYING FIRST AMENDED PETITION FOR WRIT OF HABEAS CORPUS; AND (4) DENYING CERTIFICATE OF APPEALABILITY**<br><br>(ECF Nos. 4, 6, 10) |

Presently before the Court is Petitioner Charles Trayzon Gilbert's First Amended Petition for Writ of Habeas Corpus ("FAP," ECF No. 4), as well as Respondent Marcus Pollard, Warden's, Motion to Dismiss the Amended Petition for Writ of Habeas Corpus ("MTD," ECF No. 6) and Petitioner's Traverse thereto (ECF No. 7).  Magistrate Judge Daniel E. Butcher has issued a Report and Recommendation advising the Court to grant Respondent's MTD and enter judgment in favor of Respondent ("R&R," ECF No. 10).  No Party filed objections to the R&R.  Having considered the FAP, Judge Butcher's R&R, the

pleadings and all supporting documents, and the law, the Court **ADOPTS** Judge Butcher's R&R in its entirety, **GRANTS** Respondent's MTD, **DENIES** the FAP, and **DENIES** Petitioner a certificate of appealability ("COA").

## BACKGROUND

Judge Butcher's R&R contains an accurate recitation of the relevant background and evidence. *See* R&R at 1–2. This Order incorporates by reference the background as set forth therein.

## LEGAL STANDARD

Federal Rule of Civil Procedure 72(b) and 28 U.S.C. § 636(b)(1) set forth a district court's duties in connection with a magistrate judge's R&R. The district court must "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1); *see also United States v. Raddatz*, 447 U.S. 667, 673–76 (1980); *United States v. Remsing*, 874 F.2d 614, 617 (9th Cir. 1989). However, in the absence of timely objection, the Court "need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Fed. R. Civ. P. 72 advisory committee's note (citing *Campbell v. U.S. Dist. Court*, 501 F.2d 196, 206 (9th Cir. 1974)).

## ANALYSIS

No party filed timely objections to the R&R. *See* R&R at 5–6 (providing that any party may file objections on or before January 13, 2022). The Court therefore reviews the R&R for clear error.

The R&R concludes that (i) the Court lacks federal habeas jurisdiction because the relief sought would not "necessarily lead to [Petitioner's] immediate or earlier release from confinement," R&R at 3–4 (quoting *Nettles v. Grounds*, 830 F.3d 922, 935 (9th Cir. 2016)); and (ii) Petitioner's claim involves the interpretation or application of state law and is therefore not cognizable on federal habeas review, *id.* at 4 –5 (citations omitted).

/ / /

The Court finds no clear error in the R&R. Accordingly, the Court **ADOPTS** the R&R, **GRANTS** Respondent's MTD; and **DENIES** Petitioner's FAP.

## CERTIFICATE OF APPEALABILITY

The Court also is obliged to determine whether to issue a COA in this proceeding. A COA is authorized "if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "Where a district court has rejected the constitutional claims on the merits, . . . [t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). When "the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.*

Because the Court finds that no reasonable jurist would find it debatable whether the Court was correct in its determination that Petitioner is not entitled to federal habeas corpus relief, the questions presented by the Petition do not warrant further proceedings. Accordingly, the Court **DENIES** a COA.

## CONCLUSION

In light of the foregoing, the Court **ADOPTS** the R&R (ECF No. 10); **GRANTS** Respondent's Motion to Dismiss (ECF No. 6); and **DENIES** the First Amended Petition (ECF No. 4). The Court further **DENIES** a Certificate of Appealability. The Clerk of the Court **SHALL ENTER** Judgment denying the First Amended Petition and **SHALL CLOSE** the file.

**IT IS SO ORDERED.**

Dated:  January 18, 2022

*Janis L. Sammartino*
Hon. Janis L. Sammartino
United States District Judge